**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA KATHLEEN LOGAN,**
a/k/a KATHLEEN LOGAN,
Plaintiff,

v.                                     Case No.: _6:26-CV-01217-CEM-LHp_

**ORLANDO UTILITIES COMMISSION,**
a/k/a OUC,
Defendant.

_____/

### VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF

Plaintiff Lisa Kathleen Logan, also known as Kathleen Logan, proceeding pro se, files this Verified Complaint against Defendant Orlando Utilities Commission, also known as OUC, and alleges as follows:

## I.  INTRODUCTION

1.  This is an emergency civil action to prevent the imminent disconnection of Plaintiff's residential electric service.

2.  Plaintiff is a residential electric customer of Defendant OUC at 20424 Quinella Street, Orlando, Florida 32833.

3.  Defendant has given Plaintiff notice that her electric service may be disconnected unless she accepts installation of a smart/digital meter and/or otherwise complies with Defendant's demand.

4.  Plaintiff has objected to the installation of the smart/digital meter because of serious health and medical concerns, including her current cancer-related condition and the need to use electricity for medically necessary treatment and/or medically necessary equipment.

VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE
RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF

1

5. The threatened shutoff of electric service creates an immediate risk of irreparable harm to Plaintiff's health, safety, and ability to maintain medically necessary care at her residence.

6. Plaintiff seeks emergency injunctive relief requiring Defendant to maintain uninterrupted electric service pending further order of this Court and requiring Defendant to provide a reasonable medical accommodation while the parties and the Court address the merits.

## II. PARTIES

7. Plaintiff Lisa Kathleen Logan, also known as Kathleen Logan, is an individual residing at 20424 Quinella Street, Orlando, Florida 32833.

8. Defendant Orlando Utilities Commission, also known as OUC, is a utility provider supplying electric service to Plaintiff's residence in Orlando, Florida.

9. Defendant is believed to be a municipal utility and/or public entity, or an entity acting under color of state or municipal authority, providing essential utility service to residents in Orlando, Florida.

## III. JURISDICTION AND VENUE

10. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983 for alleged deprivation of constitutional rights under color of state or local law.

11. Plaintiff alleges that Defendant's threatened termination of essential electric service, without reasonable medical accommodation and without adequate protection for medically necessary electric use, violates Plaintiff's rights under federal law.

12. This Court has supplemental jurisdiction over related Florida-law claims under 28 U.S.C. § 1367, including claims arising from Florida protections for medically essential electric service and related equitable principles.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

2

13. Venue is proper in this District and Division because Plaintiff resides in Orange County, Florida, Defendant provides service in Orange County, Florida, and the events giving rise to this action occurred in Orlando, Florida.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is a residential customer of OUC.

15. Plaintiff's electric service is provided to her home at 20424 Quinella Street, Orlando, Florida 32833.

16. Plaintiff has been dealing with serious medical issues, including cancer and related health distress.

17. Plaintiff uses and requires electric service for medically necessary treatment, medical care, and/or health-related needs at her residence.

18. Plaintiff has serious health concerns regarding the installation and use of a smart/digital meter at her home.

19. Plaintiff informed OUC that she objected to the smart/digital meter because of health-related reasons.

20. Plaintiff has received written and/or verbal notices from OUC indicating that her electric service may be shut off if she does not accept the meter installation or otherwise comply with OUC's demand.

21. Plaintiff received an orange written "IMPORTANT NOTICE" from OUC stating that field personnel had been unable to safely access the meter and that service could be terminated unless access was provided within five business days. A true and correct copy of that notice is attached as Exhibit A.

VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE
RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF

22. Plaintiff subsequently received a letter dated May 28, 2026, from OUC's Office of General Counsel. The letter expressly states that Plaintiff's analog meter "must be converted to a smart meter or OUC will need to terminate [Plaintiff's] electrical service." A true and correct copy of the letter is attached as Exhibit J.

23. The May 28, 2026 letter directs Plaintiff to arrange smart-meter conversion within 14 days of receiving the certified-mail letter in order to avoid termination of electric service. Plaintiff received the letter on June 02, 2026.

24. Plaintiff previously communicated with OUC personnel by email concerning her request to retain a non-communicating analog meter because of her health-related concerns. OUC informed Plaintiff that its Digital Meter Opt-Out Program had been discontinued in October 2025 and that analog meters were no longer supported. OUC offered alternatives involving relocation of the meter base or limited shielding at Plaintiff's expense, while stating that a digital meter would still be installed. True and correct copies of the relevant email communications are attached as Exhibit K.

25. Plaintiff therefore faces a concrete and imminent threat that OUC will terminate residential electric service because she has objected to replacement of her analog meter with a smart meter.

26. Plaintiff has requested or intends to request a medical accommodation and/or medically essential electric service protection.

27. Plaintiff can provide medical documentation supporting her need for continued electric service and showing that disconnection would place her health at serious risk.

28. Plaintiff has not refused electricity service itself. Rather, Plaintiff objects to the smart/digital meter installation because of her medical condition and health concerns.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

29. A short interruption in electric service would impose a serious hardship on Plaintiff. A prolonged interruption would place Plaintiff at risk of immediate and irreparable harm.

30. Plaintiff has no adequate remedy at law because money damages after the fact cannot restore lost medical stability, physical safety, or health protection caused by an avoidable utility shutoff.

31. Plaintiff seeks only a limited order preserving the status quo: OUC should be required to maintain electric service while this Court considers Plaintiff's claims and while OUC evaluates and implements a reasonable medical accommodation.

32. As a direct result of Defendant's threatened disconnection of medically necessary electric service, Defendant's alleged failure to provide adequate procedural protections, and Defendant's alleged failure to meaningfully consider Plaintiff's medical circumstances and requested accommodation, Plaintiff has suffered anxiety, fear, emotional distress, and worsening stress during an already serious medical condition. Plaintiff seeks compensation only for distress actually caused by Defendant's alleged unlawful conduct, in an amount to be determined at trial.

33. Plaintiff has maintained payment of her electric-service charges. A redacted OUC billing statement and available payment confirmation are attached as Exhibit D. The threatened disconnection is not based on a delinquent account balance; it arises from the dispute concerning access to and replacement of Plaintiff's analog meter.

## V. CLAIM I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. § 12131 et seq.

34. Plaintiff incorporates paragraphs 1 through 33 as if fully set forth herein.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

35. Plaintiff is an individual with serious medical conditions that substantially limit one or more major life activities, including but not limited to caring for herself, maintaining her health, and/or undergoing medically necessary treatment.

36. Defendant OUC is believed to be a public entity, municipal utility, or entity providing public utility services under governmental authority.

37. Electric service is an essential public service.

38. Plaintiff requested, or attempted to request, a reasonable medical accommodation relating to the smart/digital meter requirement and continued electric service.

39. Defendant has threatened to terminate Plaintiff's electric service instead of maintaining service while evaluating Plaintiff's medical needs and possible accommodation.

40. Defendant's threatened termination of electric service would deny Plaintiff meaningful access to essential utility service because of her disability and medical condition.

41. Plaintiff seeks temporary, preliminary, and permanent injunctive relief requiring Defendant to maintain service and reasonably accommodate Plaintiff's medical condition.

## VI. CLAIM II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
29 U.S.C. § 794

42. Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff is an individual with a disability and serious medical condition.

44. Upon information and belief, Defendant receives or has received federal financial assistance, including federal disaster-related public assistance and/or reimbursements, and is subject to applicable federal nondiscrimination obligations. The precise nature, amount, and current status of such assistance are within Defendant's possession and control and may be confirmed through discovery.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

45. Defendant's threatened disconnection of essential electric service without meaningful consideration of Plaintiff's disability-related medical circumstances and requested accommodation would exclude Plaintiff from, deny Plaintiff the benefits of, or subject Plaintiff to discrimination in connection with an essential utility service.

46. Plaintiff requests temporary, preliminary, and permanent injunctive relief, declaratory relief, and all other relief available under Section 504 of the Rehabilitation Act.

## VII. CLAIM III

### DEPRIVATION OF DUE PROCESS UNDER COLOR OF LAW
### 42 U.S.C. § 1983

47. Plaintiff incorporates paragraphs 1 through 46 as if fully set forth herein.

48. Defendant is believed to be a municipal utility, public entity, and/or actor under color of state or local law.

49. Plaintiff has a protected interest in continued residential electric service, particularly where service is medically necessary and disconnection threatens serious harm.

50. Defendant has threatened to disconnect Plaintiff's electric service on short notice despite Plaintiff's medical concerns and need for accommodation.

51. Defendant's threatened shutoff, without adequate consideration of Plaintiff's medical condition, without meaningful accommodation review, and without sufficient procedural protection, would deprive Plaintiff of due process.

52. Plaintiff seeks injunctive and declaratory relief to prevent unlawful termination of electric service pending proper review and adjudication.

53. As a direct and proximate result of Defendant's alleged deprivation of Plaintiff's rights under color of state or local law, Plaintiff has suffered actual injury, including emotional distress, anxiety, fear, and worsening stress. Plaintiff seeks compensatory damages for actual injuries

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

proven to have been caused by the alleged constitutional deprivation, nominal damages where appropriate, and all other relief permitted by law.

54. Defendant's alleged conduct has also required Plaintiff to expend substantial time and effort researching her rights, communicating with Defendant, and attempting to prevent the threatened termination of her electric service. During a period when Plaintiff is dealing with a serious medical condition, this time and effort should instead have been available for her healthcare, treatment, and recovery. The threatened disconnection and resulting uncertainty have caused Plaintiff additional stress and have interfered with her ability to focus on her health. The uncertainty and stress caused by the threatened disconnection have also worsened Plaintiff's sleep.

## VIII. CLAIM IV

### FLORIDA MEDICALLY ESSENTIAL ELECTRIC SERVICE PROTECTION
### FLORIDA LAW / SUPPLEMENTAL JURISDICTION

55. Plaintiff incorporates paragraphs 1 through 54 as if fully set forth herein.

56. Florida law recognizes protections for customers who require medically essential electric service.

57. Plaintiff requires electricity for medically necessary treatment, medical care, and/or health-related needs at her residence.

58. Plaintiff is prepared to provide medical documentation and/or physician certification supporting her need for medically essential electric service.

59. Defendant should not terminate Plaintiff's service without complying with all applicable medical-essential-service requirements, notice requirements, accommodation requirements, and due process protections.

60. Plaintiff requests that the Court require Defendant to maintain service while Plaintiff's medical-essential-service status and accommodation request are reviewed.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

8

## IX. CLAIM V

### DECLARATORY RELIEF

61. Plaintiff incorporates paragraphs 1 through 60 as if fully set forth herein.

62. An actual and immediate controversy exists between Plaintiff and Defendant.

63. Plaintiff contends that Defendant may not disconnect her medically necessary electric service without lawful process, reasonable accommodation review, and compliance with applicable federal and Florida protections.

64. Defendant has threatened to disconnect Plaintiff's electric service.

65. Plaintiff requests a declaration that Defendant must maintain electric service pending compliance with applicable legal requirements and further order of this Court.

## X. TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

66. Plaintiff faces a substantial likelihood of success on the merits because Defendant's threatened termination of medically necessary electric service, without reasonable accommodation and proper review, violates federal and/or Florida law.

67. Plaintiff will suffer irreparable harm if service is disconnected because the loss of electric service threatens her health, medical treatment, safety, and basic habitability of her home.

68. The threatened harm to Plaintiff outweighs any administrative inconvenience to Defendant because Defendant can maintain service temporarily while this matter is reviewed.

69. The public interest favors protecting medically vulnerable utility customers from avoidable utility shutoff while legal and medical issues are reviewed.

70. Plaintiff requests that the Court issue immediate temporary and preliminary injunctive relief.

## XI. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE
RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF

A. Issue a Temporary Restraining Order prohibiting Defendant OUC, its officers, employees, agents, contractors, and all persons acting in concert with it from disconnecting Plaintiff's electric service at 20424 Quinella Street, Orlando, Florida 32833;

B. Require Defendant to maintain uninterrupted electric service to Plaintiff's residence pending further order of the Court;

C. Require Defendant to evaluate Plaintiff's medical documentation and reasonable accommodation request in good faith;

D. Require Defendant to refrain from installing a smart/digital meter at Plaintiff's residence pending further order of the Court, unless Plaintiff consents or the Court orders otherwise;

E. Set an expedited preliminary injunction hearing;

F. Enter preliminary and permanent injunctive relief after hearing;

G. Enter declaratory relief stating the parties' rights and obligations;

H. Award Plaintiff compensatory damages for actual injuries caused by Defendant's alleged unlawful conduct, including proven emotional distress, anxiety, fear, and related harm, in an amount to be determined at trial, to the extent permitted by law;

I. Award Plaintiff nominal damages for any proven constitutional violation for which actual damages are not established;

J. Award Plaintiff her taxable court costs and litigation expenses to the extent permitted by law; and

K. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**
Plaintiff demands a trial by jury on all issues so triable.

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

**VERIFICATION**

I, **Lisa Kathleen Logan**, also known as Kathleen Logan, declare under penalty of perjury that I am the Plaintiff in this action; that I have read the foregoing Verified Complaint; and that the facts stated in it are true and correct to the best of my personal knowledge, information, and belief.

Executed on this June 04, 2026, in Orlando, Florida.

Respectfully submitted,

/s/ Lisa Kathleen Logan
**Lisa Kathleen Logan**
formerly known as Kathleen Liporace
a/k/a Kathleen Logan
20424 Quinella Street
Orlando, Florida 32833
Phone: 407-664-9591
Email: Vibrant_life@att.net

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

11

## CERTIFICATE OF SERVICE

I certify that on 4th day of June, 2026, I provided a copy of this Verified Complaint to Defendant Orlando Utilities Commission by the following method:

[ ] Email: _____
[ ] Hand delivery: _____
[ ] Certified mail: _____
[X] Process server: **Orlando Utilities Commission**
                         100 W. Anderson Street PO Box 3193
                         Orlando, FL 32802

/s/ Lisa Kathleen Logan
**Lisa Kathleen Logan**
Pro se

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF**

12